*R. H. Field, for appellant.*

*A. H. Field, R. J. Meglor, for appellee.*

COMMONWEALTH *v.* PHILIP COOPER.

Intoxicating Liquors—Sale to Minor—Forfeiture of License—Indictment —Jurisdiction.

It is not charged in the indictment that the appellee was a vendor of spirituous liquors and unless he had such a license, the fine is only fifty dollars, which does not give the Court of Appeals jurisdiction. Every fact necessary to give jurisdiction should be stated and as that is not done in this case the court cannot assume that appellee had a license to sell liquor and on conviction might forfeit same.

APPEAL FROM WASHINTON CIRCUIT COURT.

June 5, 1872.

OPINION BY JUDGE PETERS:

By an act of the legislature approved March 22, 1871, it is provided that if any person shall sell, give, loan, or procure for or furnish to a person under twenty-one years of age, any spirituous, vinous or malt liquors or any mixture of either without the written consent of the father of such person, if living, or of the mother, or guardian, if the father be dead, he shall be fined upon conviction in any court having jurisdiction thereof fifty dollars for each offense, and costs to include an attorney's fee of $20, if the commonwealth is represented on the trial by the attorney for the commonwealth or the county, or by an attorney appointed by

the court to prosecute when neither the commonwealth's nor county attorney is present. And by the 3d section of said act it is provided that if any licensed vendor of such liquors be convicted of the offense in addition.to the fine above named, he shall forfeit his license, etc. Vol. 1, Sess. Acts 1871, p. 85.

It is not charged in the indictment that the appellee was a licensed vendor of spirituous liquors and unless he had such license the fine is only fifty dollars and this court would have no jurisdiction. Every fact necessary to give jurisdiction should be stated, and as that is not done in this case, this court cannot assume that appellee had a license to sell liquor, and on conviction might forfeit the same. Wherefore the appeal is dismissed for the want of jurisdiction.

*Attorney-General, for appellant.*

*Hays & Cunningham, for appellee.*